. Good morning, your honors, or good afternoon. Sorry. My name is Paul Minardi. I'm a lawyer with the Brown Connery Law Firm, and we represent the plaintiff and the underlying action, which was the appellant here. This matter arises out of a contract. Did you reserve time for rebuttal? I'm sorry. I did with the clerk. I would like three or four minutes for rebuttal. Three minutes would be good. Three minutes? Okay, granted. Thank you. So our client is a family-owned electrical construction company headquartered in Poulsboro, New Jersey. It entered into a subcontract with defendant SunPower for construction of solar equipment and panels on various locations of the Patco speedway. The contract relationship was very contentious, and the result is that there was substantial contention with regard to nonpayment of invoices and also with regard to scheduling of work, interruption with work, promises to execute change orders that were not kept, etc. And it was a very contentious situation. Mr. Minardi, we are well acquainted with all the facts, so your time is precious, and I recommend you tell us some things we don't already know. We already know everything you just said. So one of the issues that I was thinking about, Your Honors, was whether the court would like to address, because it's a complicated procedural situation here, and whether the court would like me to address the issue of... I'm not even sure we have jurisdiction. That was my question. So how do we have jurisdiction? The bankruptcy court proceedings have muddied the water substantially, as I see it. I'm sorry, Your Honor? The bankruptcy court proceedings have muddied the waters. There's no final order against the debtor. The bankruptcy court, there was never a discharge order that I could see. Correct. So how do we have jurisdiction? You could have gone under 54B to appeal as to the solvent defendant only. I understand why you're not that interested in pursuing the insolvent defendant. In fact, we're stayed by the bankruptcy court. So how do we have jurisdiction? So we have, the issue is whether the order that was entered is final for purposes of appellate jurisdiction. Right, and I don't think it is, so you need to persuade us that it is. Which order are you talking about? Okay. There are two orders in this case. One is the dismissal order on the 12B6 motion. Why don't you start with that one? Tell us why that's final. We don't think it is final, because the... Well, then why are we here? Because the hearing and the order on that motion was that certain claims were dismissed and certain claims were preserved. The claims were preserved against SunPower, which then filed bankruptcy, which means they were stayed and the district court entered an administrative order that terminated the case. Where do you find that in the rules of civil procedure? It's, I don't know if it is in the rules of civil procedure, but it's supported by case law, including an opinion from this court. Yeah, but don't you have to have an order dismissing all claims against all parties to have finality? For it to be a final judgment, correct. Don't you need to have that? Correct. And one of the issues is that when you have this circumstance, where you have an order that dismisses the complaint as to certain counts and preserves it as to other counts, then you have a bankruptcy filing and an administrative order by the court. But the bankruptcy filing was against SunPower. I'm sorry? The bankruptcy filing was SunPower's bankruptcy filing. Correct. Correct? Okay, the other company.   They're not in bankruptcy.  Okay. So, you have SunPower in bankruptcy. Yes. A couple of things you could have done. As Judge Hardiman had said, you could have proceeded under Rule 54B. You didn't do that, correct? Correct. Second thing, you could have moved for relief from the stay in the bankruptcy court to assert your claim outside of bankruptcy against SunPower. You didn't do that either. Correct. All right. And we wouldn't want to because of the practicalities of the matter. I understand that. But the bottom line that I think at least some of us may have here on this panel is that dismissal order, unless it's final, we don't have jurisdiction. Well, and that may be correct. When the court heard our motion for leave to amend, the court held that the earlier order was final and thereby applied to our motion for leave to amend, applied Rule 60. It wasn't that they held it was final. They said that the dismissal was with prejudice. Well, the court also said that it was final because it applied Rule 60, which is a rule for seeking, set aside of a final judgment. Here's the question. Can Rule 60, the application of Rule 60, make an order that was not final, final? Probably not. Okay. Then if that's the answer, why are we here? Well, I think, Your Honor, the real answer is that the plaintiff needs a remedy. And now what it's done is we're in that situation where the entry of the administrative termination, and the case law on this is clear from this circuit, that that does not fill in the blanks and take open claims and make them adjudicated claims. I think that's fair. And that's something for us to think about. But what do we make of the reply brief in the district court, which I read to sort of concede for JJD that the district court could or should apply Rule 60B? Why isn't that you're just waiving the challenges that you're talking about to the June order? I'm sorry, Your Honor. You conceded to applying Rule 60B in the district court. That's what the court applied, yes. But there's a line in the reply brief that says, JJD requests that this court recharacterize its motion under Rule 60. Yeah. Am I misreading it? You're not misreading, but that was a mistake. Yeah. There were a lot of mistakes. So that may be, but that leaves us, if Rule 60 applied and the parties agreed that it applied, it leaves us in an abuse of discretion posture on that motion with some fair arguments against you. That's correct, but it doesn't apply, right? And like a concession of what rule applies or doesn't apply is not effective. The issue for the court is to determine which rule applies. Well, it could be a waiver. No. It's not a waiver, with due respect, Judge. You're asking us to apply Rule 15 on appeal. In the district court, you said apply Rule 60. Why is the argument not waived? It's not waived because the appropriate rule to be applied in this circumstance where you're not dealing with a final judgment is Rule 15. That's the kind of legal ruling judges make. The kind of legal argument lawyers make is that the court should apply Rule 15 or Rule 60. And when the lawyer argues to the district court, the court should apply Rule 60, and then a bad result obtains, the lawyer can't come to the appellate court and say, just kidding, that was a mistake. We'd like you to treat it as Rule 15. We don't do whack-a-mole here. That's not the way we do it. I hear what you're saying. The issue is, given the status of the underlying order, there is the law as to which rule applies. And it's not an issue of – What are we trying to do here? What are we trying to do? He's trying to get money for his client who didn't get paid. I have a lot of sympathy for you on that. But we don't have jurisdiction to hear your appeal. What we'd like to do is we'd like to have the motion, the order on the motion to dismiss reversed. And there's substantive grounds for that as well. And I understand the court is saying – But we can't if we don't have jurisdiction.  Okay. But this is going to be a waste of time. If we send it back down, then it's just going to – you're going to get a 54B maybe, you'll get – Then you'll be back. Then you'll be back. Or maybe you could file a Rule 15 motion again. Not to suggest to you what you ought to do, but you may have some remedies if you get back to the district court. Well, we filed the motion, and the motion should have been heard under Rule 15, although it was not for sure. And the underlying issue is – How can you blame the district court for not hearing a motion under Rule 15 when you filed it under Rule 60? We didn't file it under Rule 60. We filed a motion to set aside the earlier order. That's a Rule 60 motion, right? No. Only if it's a final order. Okay. If it's not a final order. And the underlying order is clear, right? It's an order that leaves open various claims. There's no way that the underlying order can be characterized as a final judgment. But it left open various claims against SunPower that you abandoned in that same filing in the motion to reopen. There was an amended pleading that said, we're not going to proceed anymore against SunPower, presumably because of the bankruptcy. So any interlocutory aspects of the June 2024 order were then resolved at that point by that representation to the court. No? Well, we're saying that we cannot proceed against SunPower. We stayed, right? Bankruptcy stayed. So to the extent that there are claims remaining open in the dismissal order... The opening page of that motion said that you were looking to pursue claims, quote, only against defendant Tedgus. Yes. And so why would it be problematic for the district court or us to look at that as you abandoning and relinquishing the claims against SunPower at that point? You're only asking to reinstate... The SunPower claims weren't live at that point. You were only asking to reinstate the Tedgus claims. I'm not abandoning anything. We're stayed. We can't proceed... I'm just reading to you what you wrote. I'm not interpreting anything from it. I mean, these are representations you made to the district court that you weren't looking to proceed against SunPower at that point. Well, because we're stayed. We have no choice. That's not... What we're saying is there's one active defendant left in this case, which is the S&E. Right, left in the case, meaning the claims against SunPower are resolved, whether that's because of the stay or your strategic decision. That's the representation you made to the court. No, with respect, Judge, it's not that the claims against SunPower are resolved. It's the claims against SunPower are stayed. So we cannot proceed against SunPower in the district court. We can only proceed against the S&E. And all we have is... I don't think that's a material distinction between what you're saying and what I'm saying. The point is the only thing live after the June 2024 order were the claims against SunPower. And you're saying to the district court, when you file the motion to reopen, we don't want to or we can't or we won't proceed against SunPower anymore. Well, we cannot is the answer. Legally, we cannot proceed. And this happens all the time in litigation, where you have one party that files for bankruptcy and you have other parties that are not filing for bankruptcy. I appreciate you telling me what happens all the time in litigation, but I think you're missing the point. The point is that the June 2024 order, to the extent it had interlocutory aspects, was resolved by your concession that you weren't going to proceed against SunPower anymore. Yeah, no, I don't think so, Judge. I think the way with due respect... You mentioned... I know what it means when a lawyer says to me with due respect a couple times in an argument. It kind of means the opposite. But, you know, the reality is that the... that the dismissal order was not final because it left certain claims open. The court then filed an administrative termination as to those claims, and the law is clear from this circuit that the administrative termination does not create the equivalence of a judgment. The claims are still there. Or a final order. Or a final order. It does not create a final order, correct. Okay, if that's what you're saying, why are you here? Well, what we're saying is that the court below held that it was a final order. And thus, in so doing... So you want us to tell the court below that there was no final order? That would be a good resolution. It's a difficult circumstance, and I would certainly agree, right. This is unusual circumstance because of the issues of... You responded that we have jurisdiction over both orders. Yes. Now, you're agreeing that we don't have jurisdiction over either order. No, what I'm saying is that if the trial court, if the district court held that there was a final order, and when we applied to reopen it, required us to... Or applied the law of Rule 60 for reopening final judgments, then there's... What's established below is... I'm seeing a red light, sorry. Is that there is a final judgment. Right, the only reason for using Rule 60 to apply to our motion to reopen is that it was a final judgment. Okay, thank you. You reserve time for rebuttal. Thank you, Judge. Mr. Fragemil? Fragemil, Your Honor. Yes, thank you. It's not easy. Good luck. Good afternoon, Your Honor. May it please the court. Derek Fragemil from Riker Danzig on behalf of Appellee Total Energies Distributed Generation USA LLC. I'll just call them Total Energies. The court is correct as to the two orders that Appellee seeks to challenge on this appeal. I think there is a material distinction with regard to finality in terms of appellate jurisdiction versus under Rule 60, and I think that's the distinction that Appellant is misconstruing that the court below found, and it stems from the two cases by the Supreme Court in 2025, one of which was cited below. I'll go with the first one. That's the easiest. It's the Blomb Bank v. Honickman case in June of 25, and in that case, the Supreme Court said a party seeking to reopen his case and replead must first satisfy Rule 60B on its own terms and obtain Rule 60B relief before Rule 15A's liberal amendment standard can apply. That's assuming there's a final order. That is correct, Judge, and that takes me to the second case, but again, I'm speaking in terms of finality under Rule 60B, not finality for appellate jurisdiction purposes, and the second case is the Supreme Court, it's the Whitesick v. Halliburton case, and that's from February 26, so just a few months in the same year, and in that case, the court determined that in the context of Rule 60B, a voluntary dismissal without prejudice is final because it terminates the case, and they held that a voluntary dismissal without prejudice is final under Rule 60B, and the reasoning behind that is really what's sort of key and applicable here, and that is to say the court drew a distinction and actually distinguished in particular the body of law regarding finality for appellate jurisdiction, and they said it didn't find that case law helpful in the meaning of final under 60B, and the distinction was the appellate jurisdiction is a matter of right if it's a final order, and that the court, it was important to have a practical limit on that appellate jurisdiction, whereas 60B was left to the discretion of the court, and that finality under 60B does not play a similar role, and so it interpreted finality in a situation where it's a final order that terminates the action itself, it's conclusive, it's the last filing, and the way it described it as well was that after a case is finally terminated, the court no longer presides, and a party can no longer seek a rehearing on that interlocutory judgment, and at that point, the court's power under Rule 60B kicks in, and it's considered a final order under 60B, and that's what we have here, and the way the court described it, it said to hold otherwise, you would be in what they called a procedural no man's land under a 60B situation. All right, but I think you just made an argument as to why that order is final as to your client, but that's not a final order from the district court because we've got the debtor laboring under the automatic stay in a case where there has not been a discharge. Yes, I think that is a separate issue for appellate jurisdiction. I'm saying that when the district court below said that the June 28th, 24th dismissal order was final, what he was saying is it was final with regard to Rule 60B purposes, such that... Well, maybe the district court was right about that. Looks like it probably was, but we're not allowed to say that because we don't have jurisdiction over this appeal. I understand, Your Honor. I wanted to clarify something Judge Fisher said with regard to appellant's questioning, and that is wanting to tell, that appellant wanted to tell the district court that he was wrong about the finality, and I wanted to be careful that they are different issues. Weren't there claims that survived the June 2024 order? What were the claims? There were claims that survived. Yes, it was against SunPower, yes. And so why is that a final order then? It's a final order just as to Rule 60B purposes. So by the time appellant filed its motion to seek relief to reopen a case which had been administratively terminated because of the SunPower bankruptcy, there's not a proceeding, and that's the vehicle. Just so I understand, is the argument you're making that the administrative stay caused the June 2024, sorry, administrative termination to be a final order? A final order for Rule 60B purposes, not for appellate jurisdiction purposes, yes. But we've said precedentially that an administrative termination like that doesn't have that effect. Yes, Your Honor, I'm aware of that. They were all cases before these 225 cases. I've looked after that. There was one district court case that was not particularly on point. I've not found anything that has applied those two recent cases in a way as I think they should, and I think this court did here. So I understand exactly what Your Honor is saying, yeah. Okay, so it's an argument about the Supreme Court having abrogated? Yes, and in fact, in that case, that was a voluntary dismissal without prejudice. What I would argue is akin to that administrative termination in that it can be reinstated at any point in time. But in the 2025 cases, weren't all the claims resolved? What I'm struggling with, what makes this a little different, I think, is the surviving claims against SunPower. Yes, but at that, the answer to your question is yes, it was all of them, but at the time that appellant filed their motion to reopen and for leave to amend, they were, because all the claims against Total had been dismissed, and the only two remaining had been administratively terminated in an order akin to the voluntary dismissal without prejudice. Here, I would argue it was a little stronger, you know, well, anyway, I think it's akin, I think it's the same thing, because the only way to access that is to reopen the case. So the court is not presiding over the matter at that point in time, and what the Supreme Court said is the way to do that is a 60B motion. So that one's tough for me, because I think that that is a, the administrative termination is more like a docket management measure than a dismissal with or without prejudice. I think it might even be limited to a footnote in your brief, an argument about the effect of the representation in JJD's motion to reopen, they wouldn't pursue the claims anymore against Sun Power, and could you flesh that out for us? Yes, I had the same thing, Your Honor, in my notes, and that is, in terms of analyzing what was here and the finality of that order, the first point was what Your Honor brought up, and it's the invited error doctrine, right, that JJD, they didn't just concede that they thought 60B applied, but that JJD request that this court recharacterize its motion under Rule 60. So what was a 15A motion, they asked the court to say no, let's take that part of the motion, throw it out, and reconsider this under 60. And so I 100% agree that on appeal, they cannot now seek to fault the court for having done what they asked it to do. That's the invited error doctrine, pretty straightforward. Do you have any objection to us dismissing the appeal for lack of jurisdiction? Being intellectually honest, Your Honor, I understand. So I can't, you know, at that point in time, for appellate jurisdiction purposes, that's where we are. But it's going to come right back up, probably.  So we might as well keep it. I understand, Judge, I've thought about that. But, you know, we do try to turn, we don't like to waste your time or your client's money, but we do try to turn square corners, and the Supreme Court's made pretty clear to us that jurisdiction is a place where square corners are required, right? I understand, Judge. And this one's statutory. I'm sorry? This problem is statutory under 1291. Understood. All right, thank you, Mr. Freeman. Thank you, Your Honor. Appreciate your candor. Mr. Minority? Mr. Minority? We could save you some time if you answer the question the same way. Do you have any objection to us summarily dismissing the appeal for lack of jurisdiction? I do have an objection. All right, and tell us why we have jurisdiction. So here's the way I see the law, and this is from the Penn Associates case from 2004 in this circuit. And this is where they were developing the law that you were talking about in terms of the effect of the administrative termination, right? And what they held in that case was, it's a docket maintenance issue. It's not an adjudication issue. So under that circumstance, you have the situation here where you've got a claim against a bankrupt entity that is open, rendering the judgment not final. You have an administrative termination, which doesn't further the finality of the judgment. And unlike in the case of Penn. In Penn West, though, didn't the Rule 60 motion denial have the effect of wrapping up all matters pending on the docket? The Rule 60 denial? In that case, the denial of the Rule 60 motion, didn't it have the effect of wrapping up all matters pending on the docket? It does have the effect, although it doesn't address the underlying claims. Here, the decision didn't wrap up all matters pending on the docket. And one of the problems is that unlike the Penn West case, you have a bankruptcy. That's why this one didn't, in your case, it didn't wrap up all matters on the docket because of the bankruptcy.  So tell us why that's not an important distinction between your case and Penn West. I think one of the remedies that this court could fashion is that the doctrine established in the Penn West case has to be modified where there is a bankruptcy. Modified to say what? Modified to say that the combination of the administrative termination and the bankruptcy with regard to the party against whom the remaining claims exist constitute a final resolution. All right, here's the problem with that. Bankruptcies happen all the time. There are tens of thousands of them, maybe hundreds of thousands of them a year in the country. So surely there would be a bevery of cases out there where courts have looked at a case where one entity was bankrupt, another was not. There was a Rule 60 motion. But I haven't seen a single case anywhere that says there's a final order in those circumstances. I hear you. I agree. There is no case. That's why I'm saying it. But you just want us to say it without, you want us to go out on that limb and say it for the first time? Yes. Okay. Well, I appreciate your candor. This is the second case in a row where we've had lawyers asking us to do something for the first time. So it's a, it's a big ask. It's a big ask, but we appreciate your candor. Thank you, Mr. Menard. Thank you, also, Mr. Frazier-Mehl. The court will take the matter under advisement.